UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD OVERTON,
        Plaintiff,

Case No. 4:06-cv-059

-v-

HONORABLE PAUL L. MALONEY

LAKE MICHIGAN COLLEGE,
        Defendant.

*AMENDED*\*
OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO CONSIDER DISQUALIFICATION

    This Court has before it Plaintiff Overton's Motion to Consider Disqualification (Dkt. No. 87).

    Plaintiff requests this Court review 28 U.S.C. § 455 to determine whether any of the reasons for disqualification apply. Plaintiff states he recently learned this Judge held his invocation ceremony at Lake Michigan College (LMC). One of the witnesses for Defendant Lake Michigan College is the wife of the head of catering at LMC. Plaintiff concedes he is unaware of any specific reason this Court should disqualify itself under court rules or statute. (Motion ¶ 5). Plaintiff states he does not know why this Judge elected to have the ceremony at LMC or whether any benefit, monetary or otherwise, was received as a result of having the ceremony held and catered at LMC. Plaintiff did not file any affidavit or other support for his motion.

    A district court judge exercises discretion when deciding whether to recuse himself or herself from a proceeding. *Bell v. Johnson*, 404 F.3d 997, 1004 (6th Cir. 2005) (holding the denial of a motion to recuse is reviewed for abuse of discretion). A judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). The Sixth Circuit Court of Appeals has interpreted this section to require disqualification "if a reasonable, objective person, knowing all the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990). Subsection (b) of the statute identifies specific circumstances where a presiding

judge should disqualify himself or herself.  28 U.S.C. § 455(b).  Subsection (b) duplicates the grounds for recusal, bias or prejudice, set forth in 28 U.S.C. § 144.  *Liteky v. United States*, 510 U.S. 540, 548 (1994); *Bell*, 404 F.3d at 1004 n. 7; *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983) (explaining the difference is that section 455 is self-executing and requires recusal even in the absence of a motion).  Under Section 144, when a party to the proceeding files a sufficient affidavit alleging facts that the presiding judge has a personal bias or prejudice for or against the party, the judge should not proceed and another judge should be assigned.  28 U.S.C. § 144.  The party must "allege facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party."  *Gen. Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990).

This Court finds no reason for recusal under 28 U.S.C. § 455.  Section 455 obligates this Court to sua sponte recuse itself when aware of facts which would undermine the appearance of impartiality. *Liteky*, 510 U.S. 547-548.  Prior to Plaintiff's motion, this Court was not aware of any facts which would require recusal.  Upon review of the statute, as well as Defendant's response to the motion, this Court finds no facts which would require recusal.  LMC was selected as the site for the investiture ceremony because it was the only venue in Berrien County capable of seating the expected number of guests.  (Exhibit 2 - Affidavit of Scott Dienes ¶ 2).  As explained in Defendant's response, Mr. Scott Dienes, the Berrien County Bar Association, and the Federal Bar Association, planned the investiture ceremony at LMC with the Bar Associations paying for the associated expenses.  (*Id.* ¶ 3).

\*Plaintiff Overton's Motion to Consider Disqualification (Dkt. No. 87) is **DENIED.**  This Court finds no reason to recuse itself under 28 U.S.C. § 455.  **IT IS SO ORDERED.**

Date:   January 15, 2008                                             /s/ Paul L. Maloney
                                                                                         Paul L. Maloney
                                                                                         United States District Judge